UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERICA A. HYLA | CIVIL ACTION |
| VERSUS | NUMBER: 21-1199 |
| JACQUES F. BEZOU, ET AL | SECTION: "B"(2) |

## ORDER & REASONS

Before the Court are plaintiff Erica Hyla's ("Hyla") motion to remand (Rec. Doc. 6); Jacques F. Bezou, Sr., Jacque F. Bezou, Jr., Jacque F. Bezou, APC, and Jacque F. Bezou, Sr., LLC's (collectively, "defendants") oppositions to plaintiff's motion remand (Rec. Doc. 8); and plaintiff's reply (Rec. Doc. 13). For the reasons discussed below,

**IT IS ORDERED** that plaintiff's motion to remand (Rec. Doc. 6) is **GRANTED.**

## FACTS AND PROCEDURAL HISTORY

On June 7, 2021, plaintiff filed suit against defendants[1] alleging state law claims for breach of a partnership agreement, breach of contract, breach of Louisiana Wage Payment Act, intentional and/or negligent infliction of emotional distress, negligence, detrimental reliance, negligent misinformation, abuse of rights, breach of fiduciary duty, and defamation. Rec. Doc. 6-

---

[1] The action was originally brought in the 22nd Judicial District Court for the Parish of St. Tammany.

1

2 at 6. The action arises out of a partnership agreement between Hyla and defendants. *Id*. at 3. Plaintiff was previously employed at the Bezou Law Firm and was made partner of the firm in or around March 2019. *Id*.[2] The partnership agreement was to "pay minimum distributions, to provide health insurance[3] [,] and to share profits based on the recovery in certain contingency fee cases. Rec. Doc. 6-1 at 13. The firm's group health insurance plan is governed by ERISA. Rec. Doc. 8 at 2. In or around October 2020 and after Jacque F. Bezou Jr. allegedly "caused a scene" at Hyla's home, Jacque F. Bezou senior informed Hyla that she would be required to work remotely. Rec. Doc. 6-2 at 4.[4]

Thereafter, defendants allegedly took numerous actions to cause Hyla to quit or to voluntarily resign from the partnership, including restricting her access to firm resources and refusing to compensate Hyla in accordance with their agreement. This delay in compensation subsequently led Hyla to withdraw approximately $18,000 of her retirement funds in the firm 401(k), among other damages. *Id*. at 5. Approximately two weeks before Hyla was to be

---

[2] Jacque F. Bezou, Jr., acting managing partner for the Bezou law firm and Bezou Partnership made Hyla a partner of the firm in exchange for her commitment to the firm and agreement not to seek other employment opportunities. Hyla was approved by all members of the firm at that time in or about April of 2019. Rec. Doc. 6-2 at 3.

[3] In regard to health insurance, Jacque F. Bezou Jr. agreed that Hyla would be provided health insurance, at the firm's sole expense, for herself and her children. It was agreed that Hyla would be added to the Firm Plan no later than the end of the 2020 calendar year. Rec. Doc. 6-2 at 4.

[4] The decision that Hyla would be working remotely was not allegedly being made because of her work product or any other business decision, but rather was motivated by "personal factors." *Id*.

2

enrolled in the firm's health insurance plan, defendants terminated their business relationship with Hyla. *Id*.

On June 21, 2021, defendants removed the instant case to this Court on the basis of federal question jurisdiction, alleging that Hyla's state law causes of action are preempted by ERISA and are within the sole purview of 29 U.S.C. §1144(a); that removal is proper under 28 U.S.C. §1141; and that this Court has jurisdiction pursuant to 28 U.S.C. § 1131 and 1367(a). *Id*. at 6.

On June 30, 2021, plaintiff filed a motion to remand the case for lack of federal subject matter jurisdiction, arguing that the claims asserted in the petition are not preempted by ERISA. *Id*.

**LAW AND ANALYSIS**

A civil action filed in state court may be removed to federal court if the federal court would have original jurisdiction over the matter. 28 U.S.C § 1441(a). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citations omitted). "In assessing whether removal is appropriate, this Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are of limited jurisdiction, that removal statutes should be strictly construed." *Gulf Coast Plastic Surgery, Inc. v. Standard Ins. Co.*, 562 F.Supp.2d 760, 764 (E.D.La. 2008). Doubts concerning removal

3

should be construed against removal and in favor of remand to state court. *See Gutierrez*, 543 F.3d at 251 (citations omitted).

Federal district courts have jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether [a] claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); see also *Gutierrez*, 543 F.3d at 252 ("Generally, there is no federal jurisdiction if the plaintiff properly pleads only state law causes of action"). "[F]ederal question jurisdiction does not exist unless the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Gulf Coast Plastic Surgery, Inc.*, 562 F.Supp.2d at 764 (citations and internal quotations omitted).

However, an exception to the well-pleaded complaint rule is recognized under the doctrine of complete preemption. "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character" and is therefore, removable. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). "When a federal statute wholly displaces [a] state-law cause of action through

4

complete preemption, the state law claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citations and internal quotations omitted). Removal of such a claim is appropriate because "when the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id*. at 207-08(citations omitted). ERISA is one such statute that completely preempts state law in certain circumstances. *Id*. at 208-09.

ERISA may pre-empt a state law claim either by complete pre-emption or conflict (ordinary) pre-emption. *See Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 336 (5th Cir. 1999) *(citing McClelland v. Grownwaldt,* 155 F.3d 507 (5th Cir. 1998)*, overruled in part on other grounds by Arana v. Ochsner Health Plan,* 338 F.3d 433, 440 n.11 (5th Cir. 2003). Complete pre-emption pursuant to ERISA §502(a)[5] provides removal jurisdiction, but conflict or ordinary preemption pursuant to ERISA §514 does not.[6] *Id*.

---

[5] ERISA § 502(a) provides that a participant or beneficiary of an employee benefit plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *see Halliburton Co. Benefits Comm. v. Graves,* 463 F.3d 360, 375-76 (5th Cir.2006).

[6] Conflict preemption exists when ERISA provides an affirmative defense to a state law claims and involves ERISA §514(a), which provides that ERISA "shall supersede any and all State laws insofar as they may not or hereafter relate to any employer benefit plan. However, for a district court to exercise removal jurisdiction, *complete preemption* must exist. *Giles*, 172 F.3d at 337 ("When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under §514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption."). The Fifth Circuit has made clear that the existence of conflict preemption to the well-

"[C]omplete preemption exists when a remedy falls within the scope of or is in direct conflict with ERISA §502(a), and therefore is within the jurisdiction of federal court." *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004).

Relevant here, ERISA § 502(a)(1)(B) provides:

> A civil action may be brought…by a participant or beneficiary to recover benefits dur to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29. U.S.C. § 1132(a)(1)(B). In Aetna Health v. Davila, the Supreme Court explained that:

> [ERISA § 502(a)(1)(B)] is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits. A participant or beneficiary can also bring suit generally to "enforce his rights" under the plan, or to clarify any of his rights to future benefits.
>
> It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA §502(a)(1)(B)…In other words, if an individual at some point in time, could have brough his claim under ERISA §502(a)(1)(B), and where there is no independent legal duty that is implicated by a defendant's actions, then the individual's cause of action in completely preempted by ERISA § 502(a)(1)(B).

---

pleaded complaint rule. *Id*. ("State law claims [that] fall outside the scope of ERISA's civil enforcement provision § 502, even if preempted by §514(a), are still governed by the well-pleaded complaint rule, and therefore, are not removable under the complete-preemption principles[.]"). Thus, the mere presence of conflict preemption does not raise a federal question.

542 U.S. at 210 (citations omitted).

Further, this Court has held that ERISA preemption applies if the claim: (1) requires interpretation of an ERISA plan; and (2) implicates a relationship governed by ERISA. *See Gulf Coast Plastic Surgery v. Standard Ins. Co.*, 562 F. Supp. 2d 760, 767 (E.D.La. 2008). This Court in *Anderson v. Ocshner Health System* relied on the above proposition in finding that plaintiff's claims did not meet the test set forth in *Aetna Health Inc. v. Davila*, *supra*. No. 11-2236, WL 2116173, at *3 (E.D.La. June 11, 2012). While the facts in *Anderson* appear distinguishable from the instant case, this Court concluded that plaintiffs' claims against defendant did not require an interpretation of an ERISA plan, because the claims did not involve a coverage determination or a wrongful denial of ERISA benefits; rather plaintiff's claims hinged on whether defendant complied with its employment obligations under a provider agreement. *Id*. at *3-4. Additionally, plaintiff's claims did not "implicate a relationship governed by ERISA' because the defendant was not a "principal ERISA entity." *Id*. at *4. Accordingly, *Davila* was not satisfied because the relationship between the parties was "not a relationship governed by ERISA and this case does not involve a denial of benefits," and thus plaintiff, as here, could not sue defendant pursuant to ERISA § 502(a).

The reasoning of the *Anderson* case is equally appropriate here. Hyla could not assert claims against defendant under ERISA § 502(a)(1)(B), because HYLA is not claiming wrongful denial of coverage under the terms of the health care plan. Plaintiff's claims would not require the court to interpret an ERISA plan to determine whether plaintiff was wrongfully denied coverage or whether the administration of a claim was improper. Rather, like in *Anderson*, plaintiff's claims hinge on whether defendants complied with their obligations under a partnership agreement. Further, as plaintiff contends, the lack of health insurance was a "mere consequence" of her termination – not a motivating factor thereof. Defendants appear to mis-characterize the claim as one sounding in ERISA. Accordingly, defendants have not met their burden in proving the instant claims could have been brought under § 502(a).

Therefore, this action is remanded to state court for lack of federal subject matter jurisdiction.

New Orleans, Louisiana this 23rd day of August 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE